UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NETHERBY LIMITED,

                            04 CV 07028(GEL)

           Plaintiff                     <u>ANSWER</u>

         - against -

JONES APPAREL GROUP, INC.,

          Defendant.
-----------------------------------------------------------------x

      Defendant, Jones Apparel Group, Inc. ("Jones"), by its attorneys, Duane Morris LLP, as and for its answer to the complaint in this action responds as follows:

      1. Jones denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint that plaintiff Netherby is a corporation duly organized and existing under the law of Jersey, Channel Islands with its principal place of business in Jersey, Channel Islands and that it is the owner of the worldwide rights to the Gloria Vanderbilt and related trademarks, except denies the complete accuracy of the description of the "Gloria Marks" set forth in said paragraph, and admits that plaintiff does not own the rights in the "Gloria Marks" in the Five Countries, as that term is defined in the Complaint.

      2. Jones denies the allegations contained in paragraph 2 of the Complaint, except admits that Jones is a Pennsylvania corporation with its principal place of business at 250 Rittenhouse Circle, Bristol, Pennsylvania.

      3. Jones denies the allegations contained in paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegation that the present action is one brought by a citizen of a foreign state, and admits that it is a citizen of a State.

4.  In response to paragraph 4 of the Complaint, Jones admits that Netherby alleges that venue is proper in this District, and denies that the events or omissions alleged give rise to any claims against Jones.

5.  Jones denies the allegations contained in paragraph 5 of the Complaint, except admits that the owner of the Trademarks is presently obligated, for a finite period of time, to make certain payments in respect of the use of its Gloria Vanderbilt trademarks (the "Trademarks") in Canada to Netherby and to provide certain information to Netherby in connection therewith, that the owner of the Trademarks may become obligated to make such payments and provide such information for a finite period of time in respect of the use of the Trademarks in Brazil, Australia and/or New Zealand, and that in this action Netherby purports to seek damages and specific performance.

6.  Jones denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.  Jones denies the allegations contained in paragraph 7 of the Complaint, except admits that pursuant to the 1988 Agreement, Murjani Worldwide conveyed to G.V. Gitano, Inc. the rights to the Trademarks in the Five Countries, and admits that, pursuant to the terms of the 1988 Agreement, to which the Court is respectfully referred, for certain specified and finite periods of time the owner of the Trademarks is obligated to make Contingent Payments to Netherby in respect of the use of the Trademarks in Canada and may become obligated to make

such payments for a finite period of time in respect of the use of the Trademarks in Brazil, Australia and/or New Zealand.

8. Jones denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9. Jones denies the allegations contained in paragraph 9 of the Complaint, except admits that the 1988 Agreement was assigned, that the Trademarks were transferred three times since 1988, and that Isaac Dabah pled guilty to a felony over ten years ago.

10. Jones denies the allegations contained in paragraph 10 of the Complaint, except admits that prior to April 2002, GVBV was the owner of the Trademarks and the "Buyer" under the 1988 Agreement, and that there was a Trademark Assistance Agreement between GVBV and GVAC.

11. Jones denies the allegations contained in paragraph 11 of the Complaint.

12. Jones denies the allegations contained in paragraph 12 of the Complaint.

13. Jones denies the allegations contained in paragraph 13 of the Complaint, except admits that the owner of the Trademarks currently and for a finite period of time has an obligation to make certain Contingent Payments, pursuant to the terms of the 1988 Agreement, to Netherby in respect of Canada and may in the future have such an obligation with respect to New Zealand, Australia and/or Brazil.

14. Jones denies the allegations contained in paragraph 14 of the Complaint, except admits that currently and for a finite period of time, Netherby has a right to receive a percentage

of royalty income the owner of the Trademarks receives in respect of the Trademarks from Canadian licensees and may in the future have such a right in respect of New Zealand, Australia and/or Brazil, all pursuant to the terms of the 1988 Agreement.

15. Jones denies the allegations contained in paragraph 15 of the Complaint, except admits that pursuant to the 1988 Agreement, the owner of the Trademarks is presently required for a finite period of time to deliver quarterly statements to Netherby, as described in the 1988 Agreement, with respect to Canada and may in the future be required to provide such statements for New Zealand, Australia and/or Brazil.

16. Jones denies the allegations contained in paragraph 16 of the Complaint.

17. Jones denies the allegations contained in paragraph 17 of the Complaint, except admits that there has been prior litigation between Netherby and the former owners of the Trademarks.

18. Jones denies the allegations contained in paragraph 18 of the Complaint.

19. Jones admits the allegations contained in paragraph 19 of the Complaint.

20. Jones denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21. Jones denies the allegations contained in paragraph 21 of the Complaint.

22. Jones denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, except, to the extent the use of the term "Licensing Package" is meant to imply any obligation on Jones to provide

information consistent with plaintiff's definition of that term, the allegations of this paragraph are denied.

23. Jones denies the allegations contained in paragraph 23 of the Complaint, except admits that in 1995 GVAC had an ongoing apparel business in the United States and that G.V. Trademark Investments, Ltd. ("GVTI") had an ongoing licensing business in the United States, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to Netherby's feelings.

24. Jones denies the allegations contained in paragraph 24 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Netherby did not have the substantial, surplus funds" and the allegation pertaining to Netherby's feelings.

25. Jones denies the allegations contained in paragraph 25 of the Complaint, except admits that the owner of the Trademarks has the obligation to provide certain samples and certain information to Netherby as set forth in the 1988 Agreement and the 1995 Modification.

26. Jones denies the allegations contained in paragraph 26 of the Complaint.

27. Jones denies the allegations contained in paragraph 27 of the Complaint, except admits that the owner of the Trademarks has the obligation to provide certain general information to Netherby as set forth in the 1995 Modification.

28. Jones denies the allegations contained in paragraph 28 of the Complaint.

29. Jones denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint insofar as they relate to the mental processes or actions of Netherby's accountant, admits that by agreement between Zellers and GVBV, Zellers' royalty on certain goods was .625% and Zellers was not obligated to pay any royalty on Zellers' sale of goods acquired from GVAC, avers that Netherby knew these facts no later than 2001, and denies the remaining allegations in paragraph 29 of the Complaint.

30. Jones denies the allegations contained in paragraph 30, except admits that Netherby had communications with Itzhak Weinstock.

31. Jones denies the allegations contained in paragraph 31 of the Complaint, except admits that Netherby sent the letter annexed as Exhibit 4 to counsel who was representing GVAC and GVTI in a then pending lawsuit.

32. Jones denies the allegations contained in paragraph 32 of the Complaint, except admits that in 2002, Netherby's representatives had communications with Robin Mandell, the Assistant Treasurer of Jones Investment Co. Inc.

33. Jones denies the allegations contained in paragraph 33 of the Complaint, except admits there were communications between Netherby's accountant and Robin Mandell in July of 2003, including a July 10, 2003 email.

34. Jones denies the allegations contained in paragraph 34 of the Complaint, except admits that the emails referred to therein were sent.

35. Jones denies the allegations contained in paragraph 35 of the Complaint, except admits that, in the summer of 2003, Mandell spoke with Netherby's accountant and indicated she would try to find information in addition to that previously provided.

36. Jones denies the allegations contained in paragraph 36 of the Complaint, except admits Mandell sent an email dated August 25, 2003 to which the Court is respectfully referred.

37. Jones denies the allegations contained in paragraph 37 of the Complaint, except admits Netherby sent a letter dated October 6, 2003 to Ira Dansky.

38. Jones denies the allegations contained in paragraph 38 of the Complaint, except admits that Netherby sent letters dated October 30 and December 17, 2003.

39. Jones denies the allegations contained in paragraph 39 of the Complaint, except admits that Bill Slater sent the letter dated December 13, 2003 to Netherby which is annexed as Exhibit 10 to the Complaint.

40. Jones denies the allegations contained in paragraph 40 of the Complaint, except admits that by letter dated January 23, 2004, Bill Slater provided Netherby with five license agreements authorizing the use of the Trademarks in Canada.

41. Jones denies the allegations contained in paragraph 41 of the Complaint, except admits that Netherby's counsel sent Slater the letter dated February 4, 2004 which is annexed as Exhibit 11 to the Complaint.

42. Jones denies the allegations contained in paragraph 42 of the Complaint, except admits that Netherby's counsel sent Slater the letter dated February 27, 2004.

43. Jones denies the allegations contained in paragraph 43 of the Complaint, except admits that Netherby's counsel sent Slater the letter dated May 19, 2004

44. Jones denies the allegations contained in paragraph 44 of the Complaint.

45. Jones denies the allegations contained in paragraph 45 of the Complaint, except admits that Netherby's counsel sent Slater the letter dated June 2, 2004.

46. Jones denies the allegations contained in paragraph 46 of the Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

47. In response to paragraph 47 of the Complaint, Jones repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 46 of the Complaint as if said responses were set forth in full herein.

48. Jones denies the allegations contained in paragraphs 48, 49 and 50 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

49. In response to paragraph 51 of the Complaint, Jones repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 50 of the Complaint as if said responses were set forth in full herein.

50. Jones denies the allegations contained in paragraph 52 of the Complaint, except admits that pursuant to § 3.6 of the 1988 Agreement, the owner of the Trademarks is presently required for a finite period of time to deliver quarterly statements to Netherby, as described in

the 1988 Agreement, with respect to Canada and may in the future be required to provide such statements for New Zealand, Australia and/or Brazil

51. Jones denies the allegations contained in paragraphs 53 and 54 of the Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

52. In response to paragraph 55 of the Complaint, Jones repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 54 of the Complaint as if said responses were set forth in full herein.

53. Jones denies the allegations contained in paragraph 56 of the Complaint, except admits that the owner of the Trademarks is presently required for a finite period of time to provide certain information to Netherby, as described in the 1988 Agreement with respect to Canada and may in the future be required to provide such information for New Zealand, Australia and/or Brazil

54. Jones denies the allegations contained in paragraphs 57, 58 and 59 of the Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

55. In response to paragraph 60 of the Complaint, Jones repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 59 of the Complaint as if said responses were set forth in full herein.

56. Jones denies the allegations contained in paragraph 61, 62, 63 and 64 of the Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

57. In response to paragraph 65 of the Complaint, Jones repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 64 of the Complaint as if said responses were set forth in full herein.

58. Jones admits the allegations contained in paragraph 66 of the Complaint, except denies that the 1988 Agreement is binding on it.

59. Jones denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint.

60. Jones denies the allegations contained in paragraphs 68, 69, 70, 71 and 72 of the Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

61. In response to paragraph 73 of the Complaint, Jones repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 72 of the Complaint as if said responses were set forth in full herein.

62. Jones denies the allegations contained in paragraph 74 of the Complaint.

63. Jones admits the allegations contained in paragraph 75 of the Complaint.

64. Jones denies the allegations contained in paragraphs 76 and 77 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

65. The Complaint is barred by the doctrines of res judicata, collateral estoppel and/or laches.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

66. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

67. The Complaint names the wrong party.

WHEREFORE, Jones Apparel Group, Inc., respectfully requests the entry of a judgment:

(a) dismissing the Complaint in its entirety;

(b) awarding it its costs and fees of the action; and

(c) for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
November 1, 2004

DUANE MORRIS LLP

By: /s/ Karen Frieman
KAREN S. FRIEMAN (KF-9204)
380 Lexington Avenue
New York, NY 10168
(212) 692-1000
Attorneys for Defendant Jones Apparel Group, Inc.

To: Chadbourne & Parke
30 Rockefeller Plaza
New York, NY 10112

11

STATE OF NEW YORK     )
                      : 
COUNTY OF NEW YORK    )

JANICE M. FONT, being duly sworn, deposes and says:

1. I am employed by the firm of Duane Morris LLP.

2. I am over 18 years of age, reside in Staten Island, NY and am not a party to this action.

3. On November 1, 2004 I served a copy of an Answer by first class mail depositing in the official depository maintained and exclusively controlled by the United States Government at 380 Lexington Avenue, New York, NY 10168 a true and correct copy of the same, properly enclosed in a postpaid wrapper addressed to the following address:

Chadbourne & Parke
30 Rockefeller Plaza
New York, NY 10112

_____
Janice M. Font

Sworn to before me this
1st day of November, 2004

_____
Notary Public

KAREN S. FRIEMAN
Notary Public, State of New York
No. 31-4842335
Qualified in New York County
Commission Expires September 17, 2025