UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETHERBY LIMITED,<br><br>         Plaintiff,<br><br>    -against-<br><br>JONES APPAREL GROUP, INC. and JONES INVESTMENT CO., INC.,<br><br>         Defendants. | 04 CV 07028 (GEL) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF NETHERBY LIMITED'S MOTION FOR THE ISSUANCE OF LETTERS ROGATORY**

               CHADBOURNE & PARKE LLP
               Attorneys for Plaintiff Netherby
                Limited
               30 Rockefeller Plaza
               New York, NY 10112
               (212) 408-5100

Melissa J. LaRocca
Thomas J. Hall
   Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETHERBY LIMITED,<br><br>                              Plaintiff,<br><br>         -against-<br><br>JONES APPAREL GROUP, INC. and JONES INVESTMENT CO., INC.,<br><br>                              Defendants. | 04 CV 07028 (GEL) |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF NETHERBY LIMITED'S MOTION FOR THE ISSUANCE OF LETTERS ROGATORY

Plaintiff Netherby Limited ("Netherby"), by its counsel Chadbourne & Parke LLP, respectfully submits this memorandum of law in support of its motion for the issuance of letters rogatory pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 28(b)(2) and 28 U.S.C. § 1781(b)(2), to permit (1) the production of documents from the Canadian company Hudson's Bay Company and its subsidiary, Zellers, Inc. (together "Zellers") and (2) the taking of depositions of certain Zellers personnel.

### FACTS

**A.      The 1988 Agreement**

Netherby is the owner of the worldwide rights to the Gloria Vanderbilt and related trademarks as defined in the 1988 Agreement (defined below) (the "Gloria Marks"). Pursuant to an Acquisition Agreement dated December 23, 1988 (the "1988 Agreement"), Netherby's predecessor in interest sold to Jones' predecessor in interest, the rights to the Gloria Marks in the United States, Canada, Brazil, Australia and New

Zealand (the "Five Countries") (LaRocca Aff. ¶ 2).[1] Either defendant Jones Apparel Group, Inc. ("Jones Apparel") and/or Jones Investment Co., Inc. ("Jones Investment") (together "Jones") is the current owner of the rights to the Gloria Marks in the Five Countries and is obligated as the "Buyer" under the 1988 Agreement to make royalty payments thereunder to the Netherby, the "Seller" (id. ¶ 3).

Under the 1988 Agreement, the Buyer (Jones) is obligated to pay ongoing royalties, called "Contingent Payments," to the Seller (Netherby) based on sales of products bearing the Gloria Marks in the Five Countries (id. ¶ 7). These Contingent Payments are based both on percentages of the revenues from Buyer's own sales of products bearing the Gloria Marks in the Five Countries, and the revenues the Buyer receives from the licensing of the Gloria Marks in the Five Countries (id. ¶ 8). The instant dispute arises from Jones' breaches of the parties' 1988 Agreement (id. ¶ 4).

B.   **Zellers' Role in the Current Litigation**

Zellers has been Jones' exclusive Canadian licensee of the Gloria Marks (with the exception of jewelry) for approximately the past six years (id. ¶ 11). Much of the current dispute revolves around Jones' diversion of royalties received from Zellers based on Zellers sales of products bearing the Gloria Marks (id. ¶ 16). As early as 2000 and 2001, Netherby's accountant began noticing significant changes in the figures on the quarterly statements Jones provided to Netherby and in the royalties Jones paid Netherby under the 1988 Agreement (id. ¶ 17). Among other things, the accountant noticed that (1)

---

[1]  References herein to "LaRocca Aff." are references to the Affirmation in Support of Melissa J. LaRocca and the exhibits thereto, sworn to on March 3, 2005.

Zellers had reduced the royalty percentage it was paying to Jones on certain products bearing the Gloria Marks *by half*, from 1.25% to 0.625%, (2) Zellers had *completely ceased* paying royalties to Jones on Jones's sales of products bearing the Gloria Marks to Zellers and (3) Jones and Zellers marketed and sold products bearing the "GLO" mark (marketed as a youthful division of the Gloria Vanderbilt line) and Jones failed to pay Netherby Contingent Payments from these sales (id. ¶ 18). Despite numerous requests for information from Jones over the course of several years, Netherby has received little or none of the information it has requested (id. ¶¶ 19-21).

### C.   The Need for the Issuance of Letters Rogatory

Netherby has consistently been forced to bring lawsuits to recover payments rightfully due to Netherby under the 1988 Agreement. Almost all of the prior litigations arose after the Buyer diverted and concealed from Netherby revenue streams on which Netherby was entitled to receive Contingent Payments (id. ¶ 22). In fact, this is the eighth action Netherby has been forced to bring against the Buyer since 1992 (id. ¶ 22).

Based on the Buyer's repeated efforts to conceal royalty streams due to Netherby and to conceal relevant information from Netherby, Netherby requires independent information and verification by Zellers in the form of documents and deposition testimony (id. ¶ 25). The receipt of these documents and deposition testimony will enable Netherby to track the payments made by Zellers to Jones, which will enable Netherby to calculate the additional Contingent Payments due to it, the recovery of which is sought in this action (id. ¶ 25).

3

## ARGUMENT

## I

## NETHERBY'S MOTION FOR THE
## ISSUANCE OF LETTERS ROGATORY SHOULD BE GRANTED

This Court has the authority to issue letters rogatory pursuant to FRCP Rule 28(b) and 28 U.S.C. 1781(b)(2). See Elliot Assoc., L.P. v. Republic of Peru, No. 96 Civ. 7917 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997); Leasco Data Processing Equip. Corp. v. Maxwell, M.C.M.P., 63 F.R.D. 94, 96 (S.D.N.Y. 1973); Zassenhaus v. Evening Star Newspaper Co., 404 F.2d 1361, 1363 n.7 (D.C. Cir. 1968); U.S. v. Staples, 256 F.2d 290, 292 (9th Cir. 1958).

Rule 28(b) of the FRCP provides that letters rogatory "shall be issued on application and notice and on terms that are just and appropriate." As such, courts have routinely granted motions for letters rogatory where, as here, the movant has made a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. See Elliott Assoc., 1997 WL 436493, at *2 (granting motion for letters rogatory despite opposing party's claims that the testimony sought would be duplicative); Philan Ins. LTD v. Frank B. Hall & Co., No. 87 Civ. 4624 (RPP), 1992 WL 183553, at *2 (S.D.N.Y. July 21, 1992) (granting motion for letters rogatory because the records sought might lead to relevant evidence and might assist plaintiffs in proving damages); B & L Drilling Elec. v. Totco, 87 F.R.D. 543, 545 (W.D. Okla. 1978) (granting motion to issue letters rogatory directed to appropriate authority in Canada, requesting oral examination of persons who allegedly knew facts material to defense and whose depositions were vital to defense).

4

In the present case, Netherby requires documents from Zellers and deposition testimony from certain Zellers officers, directors and employees to substantiate its claims and prepare its case for trial. The evidence sought from Zellers is material to Netherby's claims that Jones has improperly (1) diverted Canadian royalties rightfully due to Netherby, (2) failed to provide Netherby with information to which it is entitled pursuant to the 1988 Agreement, and (3) failed to pay Netherby royalties based on the sale of products bearing the GLO Marks. As this information is likely to lead to the discovery of admissible evidence in this action, this Court should grant Netherby's motion.

## CONCLUSION

Based on the foregoing, Netherby respectfully requests that this Court grant its motion for the issuance of letters rogatory to permit (1) the production of documents from Canadian companies Hudson's Bay Company and/or Zellers, Inc. (together "Zellers") and (2) the taking of depositions of certain officers, directors and/or employees of Zellers.

> Respectfully submitted,
>
> CHADBOURNE & PARKE LLP
>
> By_____
> Thomas J. Hall  (TH 3398)
> A Member of the Firm
> Attorneys for Plaintiff Netherby Limited
> 30 Rockefeller Plaza
> New York, New York  10112
> (212) 408-5100

Melissa J. LaRocca
Thomas J. Hall
    Of Counsel

5