UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NETHERBY LIMITED,

                              Plaintiff,

              -against-

JONES APPAREL GROUP, INC. and JONES
INVESTMENT CO., INC.,

                              Defendants.

04 CV 07028 (GEL)

---

## PLAINTIFF'S SECOND SET OF
## INTERROGATORIES TO DEFENDANTS

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil

Procedure ("FRCP") and Rule 33.3 of the Local Rules of the United States District Courts for

the Southern and Eastern Districts of New York (the "Local Rules"), plaintiff Netherby Limited

("Netherby") hereby demands that, within thirty (30) days of the date of service of these

interrogatories, defendants Jones Apparel Group, Inc. and Jones Investment Co., Inc. serve their

answers under oath and objections, if any, at the offices of Chadbourne & Parke LLP, 30

Rockefeller Plaza, New York, New York  10112.

## DEFINITIONS

1.   <u>Netherby</u>.  The term "Netherby" as used herein shall mean plaintiff Netherby

Limited, its affiliates, and any representatives, agents, employees or servants, or other persons

acting or purporting to act on its or their behalf.

2.      Jones Apparel.  The term "Jones Apparel" shall be construed as defendant Jones Apparel Group, Inc., its affiliates, and any representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

3.      Jones Investment.  The term "Jones Investment" shall be construed as defendant Jones Investment Co., Inc., its affiliates, and any representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

4.      Jones.  The term "Jones" shall be construed as either or both of defendants Jones Apparel and Jones Investment, collectively with their predecessors and assignors.

5.      Zellers.  The term "Zellers" shall be construed as Hudson's Bay Company, Zellers, Inc., and each of their affiliates, and any representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

6.      GVBV.  The term "GVBV" shall be construed as Gloria Vanderbilt Trademark B.V., its affiliates, and any representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

7.      GVAC.  The term "GVAC" shall be construed as Gloria Vanderbilt Apparel Corp., its affiliates, and any representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

8.      GV Parties.  The term the "GV Parties" shall be construed as any or all of Jones Apparel, Jones Investment, GVAC and GVBV and their affiliates, and any

representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

9.    1988 Agreement.  The term "1988 Agreement" shall be construed as the agreement dated December 23, 1988 pursuant to which Murjani Worldwide B.V. ("Murjani Worldwide") conveyed certain rights to the Gloria Vanderbilt Trademarks to G.V. Gitano, Inc. ("Gitano").

10.    Gloria Marks.  The term the "Gloria Marks" shall be construed as the Gloria Vanderbilt and related trademarks, including as defined in the 1988 Agreement, any logos, variations, derivatives, spin-offs and any other mark associated with Gloria Vanderbilt, and including "GV," "Gloria Glo" and "GLO."

11.    GLO Mark.  The term the "GLO Mark" shall be construed as the "GLO" trademark and any logos, variations, derivatives and spin-offs, including, but not limited to "GLO," "GLO by Gloria Vanderbilt," and "GLO Jeans".

12.    Plaintiff and Defendant.  The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party in this action.

13.    Including.  The term "including" shall be construed also to mean including but not limited to.

**INSTRUCTIONS**

1.      Unless otherwise indicated, the time period applicable to these requests shall be January 1, 1988 to the conclusion of the trial in this action.

2.   Each interrogatory shall be answered separately and fully in writing, unless it is objected to, in which event the reasons for the objection shall be stated.

3.      Where a complete answer to an interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made specifying the reasons for any inability to answer the remainder.

4.      When an interrogatory asks for specific information, for example, a date, and you are not able to state the precise date or other specific information, approximate the date or other information requested and indicate in your response that the information being provided is an approximation or is incomplete with respect to certain aspects of the request.

5.      Pursuant to FRCP 26(e), the obligation to respond to these interrogatories is continuing in nature.  If at any time, after initial compliance with these interrogatories, you acquire or learn of any additional responsive information, or the information upon which the initial response to these requests was based should change, you must provide additional written responses as soon as practicable.

6.    In the event an interrogatory, or subpart thereof is objected to or a privilege is asserted with respect thereto and answer is withheld on the basis of such objection or claim of privilege, you must satisfy the requirements of Local Rule 26.2.

7.    Each paragraph and sub-paragraph of each interrogatory shall be construed independently, and no other paragraph or sub-paragraph shall be referred to or relied on for the purpose of limiting the scope of a particular interrogatory, except insofar as the item construed expressly refers to another item or part thereof.

8.    Wherever you answer any interrogatory by reference to records from which the answer may be derived or ascertained, you must comply with the requirements of Local Rule 33.1.

## INTERROGATORIES

1.    Identify all officers, directors or employees of any of the GV Parties that are or have been involved in the licensing, marketing or sale of both products bearing the GLO Marks and products bearing the Gloria Marks.

2.    For each of the following individuals, identify the company(ies), divisions or departments with which they have been employed, the position(s) that they have held and the date upon which they commenced employment in each such company and position from 1988 to the present:  (1) Isaac Dabah, (2) Jack Gross and (3) Jeff Brisman.

Dated:      March 4, 2005

CHADBOURNE & PARKE LLP

By:_____

Thomas J. Hall (TH 3398)
A Member of the Firm
Attorneys for Plaintiff Netherby Limited
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

TO:     DUANE MORRIS LLP
        Attorneys for Defendants
        380 Lexington Ave.
        New York, New York  10168
        Attn:  Karen Frieman, Esq.