# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
NETHERBY LIMITED,                                   :
                                                    :        04 CV 07028(GEL)
                                                    :
                        Plaintiff                   :        ANSWER TO
                                                    :        AMENDED COMPLAINT
                                                    :        AND COUNTERCLAIMS
        - against -                                 :        OF DEFENDANT JONES
                                                    :        INVESTMENT CO. INC.
JONES APPAREL GROUP, INC. and JONES                 :
INVESTMENT CO., INC.,                               :
                                                    :
                        Defendants.                 :
-----------------------------------------------------------------------x

        Defendant, Jones Investment Co. Inc. ("JICO") by its attorneys, Duane Morris LLP, as

and for its answer to the Amended Complaint and counterclaims in this action responds as

follows:

        1.      In response to the allegations contained in paragraph 1 of the Amended

Complaint, JICO denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations that plaintiff Netherby is a corporation duly organized and existing

under the law of Jersey, Channel Islands with its principal place of business in Jersey, Channel

Islands and that it is the owner of the worldwide rights (outside of the Five Countries) to the

GLORIA VANDERBILT Trademarks (as that term is defined below in ¶ 6); JICO admits that

Netherby does not own the Gloria Vanderbilt and related trademarks in the United States,

Canada, Brazil, New Zealand and Australia; JICO denies that the definition of "Gloria Marks"

set forth in said paragraph accurately describes the trademark rights transferred pursuant to the

1988 Agreement; JICO denies that plaintiff owns the rights in the "Gloria Marks" (as that term is

defined in the Amended Complaint) in the Five Countries or elsewhere, and in particular denies

that plaintiff owns the trademark GLO or GLO JEANS (the "GLO Trademark").

2.    JICO admits the allegations contained in paragraph 2 of the Amended Complaint.

3.    JICO denies the allegations contained in paragraph 3 of the Amended Complaint,

except admits that it has its principal place of business at 200 West 9th Street, Suite 700,

Wilmington, Delaware, 19801-1646 and that it is indirectly wholly owned by Jones Apparel

Group, Inc. ("JAG").

4.    JICO denies the allegations contained in paragraph 4 of the Amended Complaint,

except denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegation that the present action is one brought by a citizen of a foreign state, and admits that

defendants are each citizens of a State.

5.    In response to paragraph 5 of the Amended Complaint, JICO admits that

Netherby alleges that venue is proper in this District, and denies that the events or omissions

alleged give rise to any claims against defendants.

6.    JICO denies the allegations contained in paragraph 6 of the Amended Complaint,

except admits that, as the owner of the GLORIA VANDERBILT Trademarks transferred

pursuant to the Acquisition Agreement dated December 23, 1988 between Murjani Worldwide

and G.V. Gitano, Inc., which does not include the GLO Trademark (the "GLORIA

VANDERBILT Trademarks"), it is presently obligated, for a finite period of time, to make

certain payments in respect of the use of the GLORIA VANDERBILT Trademarks in Canada to

Netherby, and to provide certain information to Netherby in connection therewith, that the owner

2

of the GLORIA VANDERBILT Trademarks may become obligated to make such payments and provide such information for a finite period of time in respect of the use of the GLORIA VANDERBILT Trademarks in Brazil, Australia and/or New Zealand, and that it has applied to register the GLO Trademark in certain countries outside of the Five Countries and avers that it has the right to do so and to use and sell products bearing the GLO Trademark and related formative marks inside and outside the Five Countries.

7.      In response to the allegations contained in paragraph 7 of the Amended Complaint, JICO admits that in this action Netherby purports to seek damages, specific performance, declaratory judgment and permanent injunctive relief.

8.      JICO denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Amended Complaint, except denies that Murjani Worldwide created and launched the "Gloria Marks and related businesses" as that term is defined in the Amended Complaint and in particular denies said allegation to the extent that the term "Gloria Marks" includes the GLO Trademark and related formative marks.

9.      JICO denies the allegations contained in paragraph 9 of the Amended Complaint, except admits that pursuant to the 1988 Agreement, Murjani Worldwide conveyed to G.V. Gitano, Inc. the rights to the GLORIA VANDERBILT Trademarks in the Five Countries.

10.     JICO denies the allegations contained in paragraph 10 of the Amended Complaint and respectfully refers the Court to the 1988 Agreement for the complete terms thereof.

11.     JICO denies the allegations contained in paragraph 11 of the Amended Complaint, except admits that, pursuant to the terms of the 1988 Agreement, to which the Court

3

is respectfully referred, for certain specified and finite periods of time, as the owner of the GLORIA VANDERBILT Trademarks it is obligated to make Contingent Payments to Netherby in respect of the use of the GLORIA VANDERBILT Trademarks in Canada and may become obligated to make such payments for a finite period of time in respect of the use of the GLORIA VANDERBILT Trademarks, if any, in Brazil, Australia and/or New Zealand.

12.   JICO denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Amended Complaint.

13.   JICO denies the allegations contained in paragraph 13 of the Amended Complaint, except admits that the 1988 Agreement was assigned, that the GLORIA VANDERBILT Trademarks were transferred three times since 1988, and that Isaac Dabah pled guilty to a felony over ten years ago.

14.   JICO denies the allegations contained in paragraph 14 of the Amended Complaint, except admits that prior to April 2002, GVBV was the owner of the GLORIA VANDERBILT Trademarks and the "Buyer" under the 1988 Agreement, and that there was a Trademark Assistance Agreement between GVBV and GVAC.

15.   JICO denies the allegations contained in paragraph 15 of the Amended Complaint, except admits that in or about April, 2002, it acquired the GLORIA VANDERBILT Trademarks and the GLO Trademark, and related formative marks, together with the goodwill associated therewith, and third party licenses of same, all from GVBV, and that plaintiff has purported to name JAG and JICO as defendants herein.

4

16.    JICO denies the allegations contained in paragraph 16 of the Amended Complaint.

17.    JICO denies the allegations contained in paragraph 17 of the Amended Complaint, except admits that as the owner of the GLORIA VANDERBILT Trademarks it currently and for a finite period of time has an obligation to make certain Contingent Payments, with respect to the GLORIA VANDERBILT Trademarks pursuant to the terms of the 1988 Agreement, to Netherby in respect of Canada and may in the future have such an obligation for a finite period of time with respect to New Zealand, Australia and/or Brazil.

18.    JICO denies the allegations contained in paragraph 18 of the Amended Complaint, except admits that currently and for a  finite period of time, Netherby has a right to receive a Contingent Payment on royalty income it receives as the owner of the GLORIA VANDERBILT Trademarks in respect of the GLORIA VANDERBILT Trademarks from Canadian licensees and may in the future have such a right for a finite period of time in respect of  New Zealand, Australia and/or Brazil, all pursuant to the terms of the 1988 Agreement.

19.    JICO denies the allegations contained in paragraph 19 of the Amended Complaint, except admits that pursuant to the 1988 Agreement, as the owner of the GLORIA VANDERBILT Trademarks it is presently required for a finite period of time to deliver quarterly statements to Netherby, as described in the 1988 Agreement, with respect to uses of the GLORIA VANDERBILT Trademarks in Canada and may in the future be required for a finite period of time to provide such statements for New Zealand, Australia and/or Brazil.

20.    JICO denies the allegations contained in paragraph 20 of the Amended Complaint, except admits that the 1988 Agreement conveyed rights to the GLORIA

5

VANDERBILT Trademarks, which does not encompass the GLO Trademark, in the Five Countries.

21.     JICO denies the allegations contained in paragraph 21 of the Amended Complaint.

22.     JICO denies the allegations contained in paragraph 22 of the Amended Complaint.

23.     JICO denies the allegations contained in paragraph 23 of the Amended Complaint.

24.     JICO denies the allegations contained in paragraph 24 of the Amended Complaint, except admits that there was litigation between Netherby and the former owners of the GLORIA VANDERBILT Trademarks.

25.     JICO denies the allegations contained in paragraph 25 of the Amended Complaint.

26.     JICO admits the allegation contained in paragraph 26 of the Amended Complaint that the parties to a lawsuit pending in 1995 executed the documents referred to therein.

27.     JICO denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Amended Complaint, and denies the allegation or inference that Netherby owns the GLO Trademark.

28.     JICO denies the allegations contained in paragraph 28 of the Amended Complaint.

6

29.    JICO denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Amended Complaint, except, to the extent the use of the term "Licensing Package" is meant to imply any obligation of defendants to provide information consistent with plaintiff's definition of that term, the allegations of this paragraph are denied.

30.    JICO denies the allegations contained in paragraph 30 of the Amended Complaint, except admits that in 1995 GVAC had an ongoing apparel business in the United States and that G.V. Trademark Investments, Ltd. ("GVTI"), the then owner of the GLORIA VANDERBILT Trademarks, may have had licensees in the United States, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to Netherby's feelings.

31.    JICO denies the allegations contained in paragraph 31 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Netherby did not have the substantial, surplus funds" and the allegation pertaining to Netherby's feelings.

32.    JICO denies the allegations contained in paragraph 32 of the Amended Complaint, except admits that as the owner of the GLORIA VANDERBILT Trademarks it has the obligation for a finite period of time to provide certain samples and certain information to Netherby pertaining to the GLORIA VANDERBILT Trademarks as set forth, described and limited in the 1988 Agreement and the 1995 Modification.

33.    JICO denies the allegations contained in paragraph 33 of the Amended Complaint.

7

34.     JICO denies the allegations contained in paragraph 34 of the Amended Complaint, except admits that as the owner of the GLORIA VANDERBILT Trademarks it has the obligation for a finite period of time to provide certain general information to Netherby pertaining to the GLORIA VANDERBILT Trademarks as set forth in the 1995 Modification.

35.     JICO denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Amended Complaint insofar as they relate to the mental processes or actions of Netherby's accountant, admits that by agreement between Zellers and GVBV, Zellers' royalty on certain goods was .625% and Zellers was not obligated to pay any royalty on Zellers' sale of goods acquired from GVAC, avers that Netherby knew these facts no later than 2001, and denies the remaining allegations in paragraph 35 of the Amended Complaint.

36.     JICO denies the allegations contained in paragraph 36, except admits that Netherby had communications with Itzhak Weinstock.

37.     JICO denies the allegations contained in paragraph 37 of the Amended Complaint, except admits that Netherby sent the letter annexed as Exhibit 4 to counsel who was representing GVAC and GVTI in a then pending lawsuit.

38.     JICO denies the allegations contained in paragraph 38 of the Amended Complaint, except admits that in 2002, Netherby's representatives had communications with Robin Mandell, the Assistant Treasurer of JICO.

39.     JICO denies the allegations contained in paragraph 39 of the Amended Complaint, except admits there were communications between Netherby's accountant and Robin Mandell in July of 2003, including a July 10, 2003 email.

40.     JICO denies the allegations contained in paragraph 40 of the Amended Complaint, except admits that the emails referred to therein were sent.

41.     JICO denies the allegations contained in paragraph 41 of the Amended Complaint, except admits that, in the summer of 2003, Mandell spoke with Netherby's accountant and indicated she would try to find information in addition to that previously provided.

42.     JICO denies the allegations contained in paragraph 42 of the Amended Complaint, except admits Mandell sent an email dated August 25, 2003 to which the Court is respectfully referred.

43.     JICO denies the allegations contained in paragraph 43 of the Amended Complaint, except admits Netherby sent a letter dated October 6, 2003 to Ira Dansky.

44.     JICO denies the allegations contained in paragraph 44 of the Amended Complaint, except admits that Netherby sent letters dated October 30 and December 17, 2003.

45.     JICO denies the allegations contained in paragraph 45 of the Amended Complaint, except admits that Bill Slater sent the letter dated December 23, 2003 to Netherby which is annexed as Exhibit 10 to the Amended Complaint.

9 .

46.     JICO denies the allegations contained in paragraph 46 of the Amended Complaint, except admits that by letter dated January 24, 2004, Bill Slater provided Netherby with five license agreements authorizing the use of the GLORIA VANDERBILT Trademarks in Canada.

47.     JICO denies the allegations contained in paragraph 47 of the Amended Complaint, except admits that Netherby's counsel sent Slater the letter dated February 4, 2004 which is annexed as Exhibit 11 to the Amended Complaint.

48.     JICO denies the allegations contained in paragraph 48 of the Amended Complaint, except admits that Netherby's counsel sent Slater a letter dated February 27, 2004.

49.     JICO denies the allegations contained in paragraph 49 of the Amended Complaint, except admits that Netherby's counsel sent a letter dated May 19, 2004.

50.     JICO denies the allegations contained in paragraph 50 of the Amended Complaint, except admits that Netherby's counsel sent a letter dated June 2, 2004.

51.     JICO denies the allegations contained in paragraph 51 of the Amended Complaint.

52.     JICO denies the allegations contained in paragraph 52 of the Amended Complaint, except admits that GVAC began marketing products bearing the GLO Trademark.

53.     JICO denies the allegations contained in paragraph 53 of the Amended Complaint.

54.     JICO denies the allegations contained in paragraph 54 of the Amended Complaint.

55.     JICO denies the allegations contained in paragraph 55 of the Amended Complaint, except admits that it acquired the GLO Trademark and related formative marks, together with the goodwill associated therewith, from GVBV in 2002.

56.     JICO denies the allegations contained in paragraph 56 of the Amended Complaint.

57.     JICO denies the allegations contained in paragraph 57 of the Amended Complaint.

58.     JICO denies the allegations contained in paragraph 58 of the Amended Complaint.

59.     JICO denies the allegations contained in paragraph 59 of the Amended Complaint, except admits that since its acquisition of the GLO Trademark and related formative marks, products bearing the GLO Trademark have been marketed and sold in the United States and Canada and avers that Netherby was or should have been aware of these facts.

60.     JICO denies the allegations contained in paragraph 60 of the Amended Complaint, except admits that as the owner of the GLORIA VANDERBILT Trademarks it has not made any Contingent Payment to Netherby in respect of the sale of products bearing the GLO Trademark because no such payment is or was due.

11

61.     JICO denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Amended Complaint regarding when and what Netherby became aware of, admits that it filed an application to register the GLO Trademark in Peru, and denies the remaining allegations of said paragraph.

62.     JICO denies the allegations contained in paragraph 62 of the Amended Complaint, except admits that Netherby's counsel sent the letter attached as Exhibit 16 to the Amended Complaint.

63.     JICO denies the allegations contained in paragraph 63 of the Amended Complaint, except admits that Ira Dansky sent the letter attached as Exhibit 17 to the Amended Complaint.

<u>AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION</u>

64.     In response to paragraph 64 of the Amended Complaint, JICO repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 61 of the Amended Complaint as if said responses were set forth in full herein.

65.     JICO denies the allegations contained in paragraph 65 of the Amended Complaint.

66.     JICO denies the allegations contained in paragraph 66 of the Amended Complaint.

67.     JICO denies the allegations contained in paragraph 67 of the Amended Complaint.

12

<u>AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION</u>

68.    In response to paragraph 68 of the Amended Complaint, JICO repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 65 of the Amended Complaint as if said responses were set forth in full herein.

69.    JICO denies the allegations contained in paragraph 69 of the Amended Complaint, except admits that pursuant to § 3.6 of the 1988 Agreement, as the owner of the GLORIA VANDERBILT Trademarks it is presently required for a finite period of time to deliver quarterly statements to Netherby, as described in the 1988 Agreement, with respect to the uses of the GLORIA VANDERBILT Trademarks in Canada and may in the future be required for a finite period of time to provide such statements for New Zealand, Australia and/or Brazil.

70.    JICO denies the allegations contained in paragraph 70 of the Amended Complaint.

71.    JICO denies the allegations contained in paragraph 71 of the Amended Complaint.

<u>AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION</u>

72.    In response to paragraph 72 of the Amended Complaint, JICO repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 69 of the Amended Complaint as if said responses were set forth in full herein.

73.    JICO denies the allegations contained in paragraph 73 of the Amended Complaint, except admits that as the owner of the GLORIA VANDERBILT Trademarks it is

presently required for a finite period of time to provide certain information to Netherby pertaining to the GLORIA VANDERBILT Trademarks, as described in the 1988 Agreement, with respect to Canada and may in the future be required for a finite period of time to provide such information for New Zealand, Australia and/or Brazil.

74.    JICO denies the allegations contained in paragraph 74 of the Amended Complaint.

75.    JICO denies the allegations contained in paragraph 75 of the Amended Complaint.

76.    JICO denies the allegations contained in paragraph 76 of the Amended Complaint.

77.    JICO denies the allegations contained in paragraph 77 of the Amended Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

78.    In response to paragraph 78 of the Amended Complaint, JICO repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 75 of the Amended Complaint as if said responses were set forth in full herein.

79.    JICO denies the allegations contained in paragraph 79 of the Amended Complaint.

80.    JICO denies the allegations contained in paragraph 80 of the Amended Complaint.

14

81.     JICO denies the allegations contained in paragraph 81 of the Amended
Complaint.

82.     JICO denies the allegations contained in paragraph 82 of the Amended
Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

83.     In response to paragraph 83 of the Amended Complaint, JICO repeats and reavers
each and every one of its responses to the allegations contained in paragraphs 1 through 80 of the
Amended Complaint as if said responses were set forth in full herein.

84.     JICO denies the allegations contained in paragraph 84 of the Amended
Complaint, except admits that the 1988 Agreement is applicable for a finite period of time as it
pertains to the GLORIA VANDERBILT Trademarks in Canada and may in the future become
applicable for a finite period of time with regard to Brazil, New Zealand and/or Australia.

85.     JICO denies the allegations contained in paragraph 85 of the Amended
Complaint.

86.     JICO denies the allegations contained in paragraph 86 of the Amended
Complaint.

87.     JICO denies the allegations contained in paragraph 87 of the Amended
Complaint.

88.     JICO denies the allegations contained in paragraph 88 of the Amended
Complaint.

15

89.   JICO denies the allegations contained in paragraph 89 of the Amended
Complaint.

### AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

90.   In response to paragraph 90 of the Amended Complaint, JICO repeats and reavers
each and every one of its responses to the allegations contained in paragraphs 1 through 87 of the
Amended Complaint as if said responses were set forth in full herein.

91.   JICO denies the allegations contained in paragraph 91 of the Amended
Complaint.

92.   JICO denies the allegations contained in paragraph 92 of the Amended
Complaint.

93.   JICO denies the allegations contained in paragraph 93 of the Amended
Complaint.

### AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

94.   In response to paragraph 94 of the Amended Complaint, JICO repeats and reavers
each and every one of its responses to the allegations contained in paragraphs 1 through 91 of the
Amended Complaint as if said responses were set forth in full herein.

95.   JICO denies the allegations contained in paragraph 95 of the Amended
Complaint.

96.   JICO denies the allegations contained in paragraph 96 of the Amended
Complaint.

16

97.   JICO denies the allegations contained in paragraph 97 of the Amended Complaint.

## AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION

98.   In response to paragraph 98 of the Amended Complaint, JICO repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 95 of the Amended Complaint as if said responses were set forth in full herein.

99.   JICO denies the allegations contained in paragraph 99 of the Amended Complaint.

100.   JICO denies the allegations contained in paragraph 100 of the Amended Complaint.

101.   JICO denies the allegations contained in paragraph 101 of the Amended Complaint, except admits that Netherby purports to seek the relief set forth in said paragraph.

## AS AND FOR AN ANSWER TO THE NINTH CAUSE OF ACTION

102.   In response to paragraph 102 of the Amended Complaint, JICO repeats and reavers each and every one of its responses to the allegations contained in paragraphs 1 through 99 of the Amended Complaint as if said responses were set forth in full herein.

103.   JICO denies the allegations contained in paragraph 103 of the Amended Complaint.

104.   JICO admits the allegations contained in paragraph 104 of the Amended Complaint.

17

105.   JICO denies the allegations contained in paragraph 105 of the Amended Complaint.

106.   JICO denies the allegations contained in paragraph 106 of the Amended Complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

107.   The Amended Complaint is barred by the doctrines of res judicata, collateral estoppel and/or laches.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

108.   The Amended Complaint fails to state a claim upon which relief may be granted.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

109.   The Amended Complaint names the wrong party.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

110.   The Amended Complaint is barred, in whole or in part, by the applicable statutes of limitations.

COUNTERCLAIMS

111.   Defendant Jones Investment Co. Inc. ("JICO"), by its attorneys Duane Morris LLP, as and for its counterclaims against plaintiff, hereby alleges as follows:

18

## JURISDICTION

112.    This Court has jurisdiction over these counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure and 28 U.S.C.§ 1367(a).

113.    This District is the proper venue for these counterclaims pursuant to 28 U.S.C. §1391.

## PARTIES

114.    Counterclaim plaintiff JICO is a Delaware corporation with its principal place of business at 200 West 9th Street, Suite 700, Wilmington, Delaware 19801-1646.

115.    JICO is the owner of the GLORIA VANDERBILT Trademarks and is entitled to the applicable protections of the acquisition agreement dated December 23, 1988 (the "1988 Agreement") and its modification.

116.    Upon information and belief, counterclaim defendant Netherby Limited is a corporation organized and existing under the law of Jersey, Channel Islands with its principal place of business in Jersey, Channel Islands.

## AS AND FOR A FIRST COUNTERCLAIM

117.    JICO repeats, realleges and reincorporates by reference herein, each and every allegation contained in paragraphs 111 through 116 as if fully set forth herein.

118.    Plaintiff alleges in this action that the owner of the GLORIA VANDERBILT Trademarks may not, consistent with the 1988 Agreement, register or use the GLO Trademark outside the Five Countries, as that term is defined in said agreement.

19

119.    Plaintiff further alleges that it is or was entitled to "Contingent Payments" under the 1988 Agreement in respect of sales and royalties, if any, generated by products bearing the GLO Trademark inside the Five Countries.

120.    The GLO Trademark was not transferred pursuant to the 1988 Agreement.

121.    The GLO Trademark is not encompassed by the 1988 Agreement's definition of "Marks."

122.    The GLO Trademark is a registered trademark in the United States owned by JICO (Reg. No. 2,529,980).

123.    Upon information and belief, neither plaintiff nor its predecessors adopted or used the GLO Trademark prior to the 1988 Agreement.

124.    Upon information and belief, neither plaintiff nor its predecessors has used the GLO Trademark at any time subsequent to the 1988 Agreement.

125.    The use and/or registration of the GLO Trademark by defendant JICO, or by any of its related corporate entities, is not governed or restricted in any way by the 1988 Agreement.

126.    An actual and justiciable controversy within this Court's jurisdiction exists between the parties concerning these issues. This Court is authorized to declare the rights of the parties in this case pursuant to the 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

127.    JICO hereby respectfully seeks a declaratory judgment of this Court that: (i) the GLO Trademark is not encompassed by the definition of "Marks" as set forth in the 1988

20

Agreement; (ii) the applications and registrations for, and the use of, the GLO Trademark by

JICO or any of its related corporate entities outside of the Five Countries do not violate any

provision of the 1988 Agreement; (iii) the past, present and future use of the GLO Trademark by

JICO or any of its related corporate entities does not violate any provision of the 1988

Agreement or give rise to any rights in plaintiff.

AS AND FOR A SECOND COUNTERCLAIM

128.   JICO repeats, realleges and reincorporates by reference herein, each and every

allegation contained in paragraphs 111 through 116 and 118 through 127 as if fully set forth

herein.

129.   On or about December 8, 1995, plaintiff and the then owner of the GLORIA

VANDERBILT Trademarks entered into a Settlement and Release Agreement.

130.   Paragraph 17 of said agreement provides for the recovery of reasonable attorneys'

fees by the prevailing party in any action to enforce the 1995 Settlement Agreement or the 1988

Agreement.

131.   JICO is entitled to recover its attorneys' fees, costs, expenses and disbursements

incurred in  connection with this action.

WHEREFORE, Jones Investment Co. Inc., respectfully requests the entry of a judgment:

(a) dismissing the Amended Complaint in its entirety;

(b) on the First Counterclaim declaring that (i) the GLO Trademark is not

encompassed by the definition of "Marks" as set forth in the 1988 Agreement; (ii)

21

the applications and registrations for, and the use of, the GLO Trademark by JICO or any of its related corporate entities outside of the Five Countries do not violate any provision of the 1988 Agreement; (iii) the past, present and future use of the GLO Trademark by JICO or any of its related corporate entities does not violate any provision of the 1988 Agreement or give rise to any rights in plaintiff;

(c) on the Second Counterclaim awarding it its attorneys' fees, costs, expenses and disbursements; and

(d) for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       January 26, 2005

                                        DUANE MORRIS LLP

                                        By:
                                        KAREN S. FRIEMAN (KF-9204)
                                        380 Lexington Avenue
                                        New York, NY 10168
                                        (212) 692-1000
                                        Attorneys for Defendant Jones Investment Co. Inc.

To:    Chadbourne & Parke
       30 Rockefeller Plaza
       New York, NY  10112

NY\271953.1

23

STATE OF NEW YORK         )
                                                  :
COUNTY OF NEW YORK    )

JANICE M. FONT, being duly sworn, deposes and says:

1.        I am employed by the firm of Duane Morris LLP.

2.        I am over 18 years of age, reside in Staten Island, NY and am not a party to this action.

3.        On January 26, 2005 I served a copy of Answer to Amended Complaint and

Counterclaims of Defendant Jones Apparel Group, Inc. and Answer to Amended Complaint and

Counterclaims of Defendant Jones Investment Co., Inc. by first class mail depositing in the official

depository maintained and exclusively controlled by the United States Government at 380 Lexington

Avenue, New York, NY 10168 a true and correct copy of the same, properly enclosed in a postpaid

wrapper addressed to the following address:

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112

Janice M. Font

Sworn to before me this
26 day of January, 2005

Notary Public

KAREN S. FRIEMAN
Notary Public, State of New York
No. 31-4842335
Qualified in New York County
Commission Expires September 17, 2005