# EXHIBIT E

```
 1
 2   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF NEW YORK
 3   - - - - - - - - - - - - - - - - -X
     GLORIA VANDERBILT TRADEMARK B.V. and
 4   GLORIA VANDERBILT TRADEMARK INVESTMENT,
     LTD.,                                         Index No.
 5                                                 113339/01
                      Plaintiff and
 6                    Counterclaim Defendants,

 7        -against-

 8   NETHERBY LIMITED,
                      Defendant and
 9                    Counter Claimant.

10   - - - - - - - - - - - - - - - - -X
     NETHERBY LIMITED,
11
                      Third-Party Plaintiff,
12
          -against-
13
     GLORIA VANDERBILT APPAREL, INC.,
14
                      Third-Party Defendant.
15
     - - - - - - - - - - - - - - - - -X
16
                      60 Centre Street
17                    New York, New York 10007
                      April 30, 2002
18
     B E F O R E:  HONORABLE IRA GAMMERMAN, Justice
19

20   A P P E A R A N C E S:

21
        CHADBOURNE & PARKE, LLP., ESQS.
22          30 Rockefeller Plaza
            New York, New York 10112
23      BY: MELISSA LaROCCA, ESQ.
            THOMAS J. HALL, ESQ.
24

25                         THEODORE CUSTER
                           OFFICIAL COURT REPORTER
26
```

8

1    Colloquy

2    thereafter asked for a time for that telephonic

3    deposition. We never got it. So that has not occurred.

4    We are prepared to proceed, nonetheless.

5    MR. HALL: We are told that no witness from

6    B.V. -- I called them -- will be here to testify, and we

7    will be asking the Court for a negative inference

8    because of that at the close of the case.

9    THE COURT: Well, okay.

10   It seems to me, and let me say, my

11   understanding of this case is that there is not much in

12   dispute except one issue; isn't that right? And that

13   has something to do with a consulting fee, is that

14   so?

15   MR. HALL: Service fee, that's correct, your

16   Honor.

17   THE COURT: Service fee.

18   MR. HALL: Yes.

19   THE COURT: I mean, that seems to be the only

20   issue that I really have to resolve.

21   Now, as I understand it, there is no dispute

22   as to what monies were received by one or more of the

23   defendants and under the terms of the agreement what

24   monies are due the plaintiffs.

25   The impact of this so-called --

26   MR. HALL: Service.

THEODORE CUSTER - OFFICIAL COURT REPORTER

9

Colloquy

THE COURT: Consulting or service fee, and whether it's appropriate or not appropriate for it to have an impact at all and, if so, what its impact should be.

That seems to me to be the issue that I have to resolve, isn't it?

MR. HALL: That is the issue, Judge.

THE COURT: All right.

MR. HALL: But you walked into the second point that I wanted to make, which is, there is no dispute as to the amounts. It involves a service fee paid by the Canadian --

THE COURT: Yes, I understand that.

MR. HALL: And paid the fee to my adversaries, and they are obligated, we contend, to pay a portion of that to us.

And they told us how much they received from the third-party licensee in Canada. We asked them way back.

THE COURT: I am not clear.

That was in addition to the licensing fees?

MR. HALL: Yes. They split it in two.

There was a licensee fee paid, and we received a royalty on that, so there is no dispute.

THE COURT: You are claiming a royalty on this