# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NETHERBY LIMITED,

                                        Plaintiff,

                -against-

JONES APPAREL GROUP, INC. and JONES
INVESTMENT CO., INC.,

                                        Defendants.

04 CV 07028 (GEL)

---

### PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local

Rules of this Court, plaintiff Netherby Limited ("Netherby") hereby demands that defendants

Jones Apparel Group, Inc. and Jones Investment Co., Inc. produce for inspection and copying

the documents and things set forth below at the offices of Chadbourne & Parke LLP, 30

Rockefeller Plaza, New York, New York 10112, within thirty (30) days of service of this

Request, or at such other time and place as agreed upon, in the manner prescribed by Federal

Rule of Civil Procedure 34.

### DEFINITIONS

1.    Netherby. The term "Netherby" as used herein shall mean plaintiff Netherby

Limited, its affiliates, and any representatives, agents, employees or servants, or other persons

acting or purporting to act on its or their behalf.

2.   <u>Jones Apparel</u>.  The term "Jones Apparel" shall be construed as defendant Jones Apparel Group, Inc., its affiliates, and any representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

3.   <u>Jones Investment</u>.  The term "Jones Investment" shall be construed as defendant Jones Investment Co., Inc., its affiliates, and any representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf

4.   <u>Jones</u>.  The term "Jones" shall be construed as either or both of defendants Jones Apparel and Jones Investment, collectively with their predecessors and assignors

5.   <u>Zellers</u>.  The term "Zellers" shall be construed as Hudsons Bay Company/Zellers, Inc., and each of their affiliates, and any representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

6.   <u>GVBV</u>.  The term "GVBV" shall be construed as Gloria Vanderbilt Trademark B.V., its affiliates, and any representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

7.   <u>GVAC</u>.  The term "GVAC" shall be construed as Gloria Vanderbilt Apparel Corp., its affiliates, and any representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

8.   <u>GV Parties</u>.  The term the "GV Parties" shall be construed as any or all of Jones Apparel, Jones Investment, GVAC and GVBV and their affiliates, and any

2

representatives, agents, employees, officers or servants, or other persons acting or purporting to act on its or their behalf.

9.   1988 Agreement.  The term "1988 Agreement" shall be construed as the agreement dated December 23, 1988 pursuant to which Murjani Worldwide B.V. ("Murjani Worldwide") conveyed certain rights to the Gloria Vanderbilt Trademarks to G.V. Gitano, Inc. ("Gitano").

10.   Five Countries.  The term "Five Countries" shall be construed as any or all of the countries in which Gitano acquired the rights to the Gloria Vanderbilt Trademarks under the 1988 Agreement.  These countries include the United States, Canada, Brazil, Australia and New Zealand.

11.   Gloria Marks.  The term the "Gloria Marks" shall be construed as the Gloria Vanderbilt and related trademarks, including as defined in the 1988 Agreement, any logos, variations, derivatives, spin-offs and any other mark associated with Gloria Vanderbilt, and including "GV," "Gloria Glo" and "GLO."

12.   GLO Mark.  The term the "GLO Mark" shall be construed as the "GLO" trademark and any logos, variations, derivatives and spin-offs.

13.   Zellers License Agreement.  The term "Zellers License Agreement" shall be construed as any or all of the agreements between GVBV and Zellers relating to the Gloria Marks, including the agreement dated August 21, 1998 and the Amendment dated December 22, 1999.

3

14.    <u>Zellers Services Agreement</u>.  The term "Zellers Services Agreement" shall be construed as any and all agreements between Gloria Vanderbilt Apparel Corp. and Zellers relating to the Gloria Marks, including the agreement dated August 21, 1998 and the Amendment dated December 22, 1999.

15.    <u>Canadian Market</u>.  The term "Canadian Market" shall be construed as the sale of products bearing the Gloria Marks in Canada.

16.    <u>Document</u>.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure ("FRCP"), including without limitation, electronic or computerized data compilations (including electronic mail).  A draft or non-identical copy or a copy of the same document from another source is a separate document within the meaning of this term.

17.    <u>Plaintiff and Defendant</u>.  The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party in this action.

18.    <u>Including</u>.  The term "including" shall be construed also to mean including but not limited to.

## INSTRUCTIONS

1.    Unless otherwise indicated, the time period applicable to these requests shall be January 1, 1997 to the conclusion of the trial in this action.

2.   In complying with this request, you are required to produce all documents described below which are in your possession, custody, or control -- including those documents in the possession, custody, or control of your present or former attorneys, as well as any other persons acting on your behalf.

3.   Documents are to be produced in their full and unexpurgated form, together with all drafts and non-identical copies of each.

4.   In producing the documents requested herein, you should indicate the specific request or requests in response to which each document or group of documents that is being produced, or otherwise produce the documents in the manner in which the documents are kept in the ordinary course of business, indicating the file or files from which the documents were taken.

5.   If any document responsive to any of this request is being withheld by you, in whole or in part, based on any claim of privilege, you shall provide written notice in full compliance with Local Rule 26.2, including the following information with respect to each document to which you are asserting the privilege:

   (a)   the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, the state's privilege law being invoked;

   (b)   the type of document, *e.g.*, letter, memorandum, or electronic mail;

   (c)   the general subject matter of the document;

   (d)   the date of the document; and

   (e)   such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the

5

addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees and recipients to each other.

6.    If any document responsive to this request was, but is no longer, in the possession or subject to the custody or control of you, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of, and in each instance explain the circumstances surrounding such disposition thereof and state the date or approximate date thereof.

7.    This is a continuing request for production of documents, as required by FRCP Rule 26(e).  If, after making your initial production, you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents at such time.

## DOCUMENTS REQUESTED

1.    All documents concerning the purchase of the stock of GVAC or other equity interests therein by Jones.

2.    All documents concerning the purchase of the assets of GVBV by Jones.

3.    All documents concerning any interest of Jones in the Gloria Marks.

4.    All documents concerning any assignment or transfer of rights or obligations under the 1988 Agreement.

6

5.     All documents concerning the identity of the licensor under the Zellers License Agreement.

6.     All documents reflecting the relationship between Jones Apparel and Jones Investment.

7.     All documents concerning the third affirmative defense in the answer of Jones Apparel that "the Complaint names the wrong party."

8.     All documents concerning any and all agreements or understandings by any of the GV Parties with Zellers concerning the Gloria Marks, including but not limited to agreements, amendments, drafts, e-mails, correspondence, memoranda and notes.

9.     All documents concerning the Zellers License Agreement or the Zellers Services Agreement, including, but not limited to, renewals, amendments, drafts, e-mails, correspondence, memoranda and notes.

10.     All documents concerning the sale of products bearing the Gloria Marks by any of the GV Parties to Zellers, including, but not limited to, documents reflecting:  (a) the types of goods sold to Zellers, (b) the quantities of goods sold to Zellers, (c) the dates of such sales, (d) any amounts paid by Zellers, (e) the party to whom payment was made, and (f) the dates of such payments.

11.     All documents concerning the purchase of any products bearing the Gloria Marks by Zellers from any entity, including, but not limited to, documents reflecting:  (a) the

7

types of goods purchased by Zellers, (b) the quantities of goods purchased by Zellers, and (c) the dates of such purchases, (d) any amounts paid by Zellers, (e) the party to whom payment was made, and (f) the dates of such payments.

12.    All documents concerning the September 28, 2000 letter agreement signed by Itzhak Weinstock on behalf of GVAC, indicating that "no fees and royalties are payable pursuant to the services agreement (dated August 21, 1998) and the aforesaid license agreement, respectively, in connection with merchandise that has been or may be in the future purchased by Hudson's Bay Company and/or Zellers Inc. from Gloria Vanderbilt Apparel Corp.," including but not limited to e-mails, notes, memoranda and correspondence.

13.    All documents concerning any changes in the percentages or amounts of royalties paid by Zellers to any of the GV Parties for the sales of any products bearing the Gloria Marks, including but not limited to any e-mails, correspondence, memoranda and notes.

14.    All documents concerning the August 7, 2001 letter from Tom Sampson to Jack Gross (Bates Number GVTI 00238), concerning the renewal of the Zellers License Agreement and Zellers Services Agreement, including but not limited to any e-mails, correspondence, memoranda and notes.

15.    All documents concerning license agreements, service agreements, or any other agreements, between any of the GV Parties and any company involved in the Canadian Market, concerning the Gloria Marks.

8

16.    All documents concerning the sale of products bearing the Gloria Marks by any of the GV Parties to any person or entity that sells such products in the Canadian Market.

17.    All documents concerning license agreements, service agreements, or any other agreements, between any of the GV Parties and any company outside the Canadian Market concerning the Gloria Marks.

18.    All documents concerning the sale of products bearing the Gloria Marks by any of the GV Parties to any company outside the Canadian Market.

19.    All documents concerning information or materials provided by the GV Parties to licensees of the Gloria Marks, including but not limited to information concerning brand management, colors, fit, logos, signage, photos, line plans, trends, designs and samples.

20.    All documents concerning advertising or marketing of the GLO Mark or products bearing the GLO Mark.

21.    All documents concerning trademark registration, application for trademark registration or use of the GLO Mark within the Five Countries.

22.    All documents concerning the trademark registration, application for trademark registration or use of the GLO Mark in any territory outside the Five Countries.

23.    All documents concerning the launch of the GLO Mark.

9

24.    All documents provided to licensees concerning the GLO Mark, including but not limited to information concerning brand management, colors, fit, logos, signage, photos, line plans, trends, designs and samples.

25.    All documents concerning any customer surveys, customer feedback, or other public opinions concerning the GLO Mark and products associated therewith.

26.    All documents concerning the development and marketing strategy of the GLO Mark.

27.    All documents concerning any royalties received by any of the GV Parties resulting from the sales or licensing of products bearing the GLO Mark within the Five Countries.

28.    All documents concerning any royalties received by any of the GV Parties resulting from the sales or licensing of products bearing the GLO Mark outside of the Five Countries.

29.    All documents defendants intend to rely on in this action.

30.    All documents concerning the claims and defenses in this action.

10

Dated:     January 7, 2005

CHADBOURNE & PARKE LLP

By:___/s/ Thomas J. Hall_____
       Thomas J. Hall (TH 3398)
     Attorneys for Plaintiff Netherby Limited
     30 Rockefeller Plaza
     New York, New York  10112
     (212) 408-5100

11