UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NETHERBY LIMITED,                                                :   04 CV 07028(GEL)
                                                                 :
               Plaintiff,                                      :   SUR-REPLY
                                                                 :   AFFIRMATION OF
              - against -                                    :   KAREN S. FRIEMAN
                                                                 :
JONES APPAREL GROUP, INC. and JONES                              :
INVESTMENT CO. INC.,                                             :
                                                                 :
               Defendants.                                     :
-----------------------------------------------------------------x

        KAREN S. FRIEMAN, an attorney duly admitted to practice in the Courts of the State of New York and before this Court, affirms under the penalties of perjury as follows:

        1. I am Special Counsel to the firm of Duane Morris LLP, attorneys for defendants Jones Apparel Group, Inc. ("JAG") and Jones Investment Co. Inc. ("JICO" and sometimes collectively with JAG, "Jones"). I respectfully submit this sur-reply affidavit in further opposition to plaintiff's motion for the issuance of letters rogatory.[1]

        2. The primary purpose of this affidavit is to correct a misstatement in plaintiff's reply papers. In those papers, plaintiff implies that it is entitled to the discovery sought since it has allegedly received "few documents" from defendants although it executed a confidentiality stipulation and protective order in this case. (In fact, over 800 pages of documents have been produced by Jones.) However, plaintiff fails to state that the stipulation and protective order has

---

[1] This sur-reply does not address all of the arguments made in plaintiff's reply submission. Neither those arguments nor the applicability of plaintiff's new authorities, however, are conceded.

not yet been "so ordered" by the Court. Plaintiff has been well aware that the production of confidential documents would have to await the "so ordering" of the stipulation and order. This was made clear in our correspondence. (Exhibit A.) Indeed, at no time has plaintiff expressed any concern whatsoever over the fact that production would await the Court's execution of the protective order. It is disingenuous for plaintiff to use this baseless claim as a pretext for its motion for the issuance of overbroad letters rogatory.[2]

3. And, it is notable that plaintiff does not deny that its requests are overbroad. Instead it either entirely ignores defendants' demonstrations in opposition to the motion (such as the demonstration that the request is overbroad in that it seeks documents relating to periods barred by the applicable statute of limitations) or it tries, unsuccessfully, to turn its over breadth vice into a virtue. Thus, plaintiff claims that it needs to be overbroad because it is concerned that companies related to defendants of which it is not aware may somehow be involved to its detriment. However, this excuse does not bear scrutiny. Plaintiff has not even limited its requests to documents concerning entities related to JICO (or JAG) or to the prior owners of the GLORIA VANDERBILT Trademarks.

4. Further, the fatal over breadth of plaintiff's request is put in most shocking relief by plaintiff's admission that the facts upon which it, in part, bases its complaint in this action, "<u>...may or may not give rise to any claims by Netherby</u>". Reply Memorandum of Law in Further Support of Plaintiff's Motion, p.4, fn. 3 (emphasis supplied). This admission puts in question

---

[2] Moreover, it is simply untrue that defendants have "ignored Netherby's claim that ... the ownership/management" of the GLORIA VANDERBILT Trademark has been in the hands of the same individuals since 1988. This allegation was denied in prior suits and in the instant suit as well. See, defendants' respective Answers to Amended Complaint, ¶ 13.

whether any discovery should be proceeding on a complaint that plaintiff is not sure states a claim. From its own mouth it is clear that plaintiff is on a fishing expedition.

5. It is also telling that, in its reply memorandum (but not in its reply affirmation), plaintiff tries to downplay the description in its moving papers of the issues in the litigation and supporting the discovery requested. (LaRocca moving affirmation, ¶ 18.) Plaintiff says that the three issues identified by its counsel were merely listed to show what its accountant had "found". (Reply Mem., p. 6 and fn. 6.) However, no other issues supporting the discovery sought are identified anywhere in the moving papers.[3]

6. Plaintiff further asserts that the issuance of the letters rogatory should not be conditioned on it paying defendants expenses in connection therewith. It claims that those costs should not be borne by it because, in essence, it is forced to take discovery from third parties because it can't get the information from defendants. There is no basis whatsoever for this assertion. Defendants have satisfied and will continue to satisfy all their obligations to provide discovery. Defendants are entitled to have their costs, including attorneys' fees, paid in advance by plaintiff. This is supported not only by the authorities cited by Jones and ignored by plaintiff but by plaintiff's own authority. Elliot Assoc., LP v Republic of Peru, 1997 WL 436493 at * 3 (S.D.N.Y. Aug. 1, 1997).[4] Conditioning the issuance of letters rogatory on the payment of defendants' costs is particularly just where, as here, it is clear that plaintiff is engaged in a fishing

---

[3] In any event, while defendants acknowledged in their opposition papers that other issues exist in the case, defendants also demonstrated that the discovery sought impermissibly extends beyond those issues as well. For example, plaintiff continues to fail to explain how documents provided by Zellers relating to brand management, etc., pertain to any issue in this action.

[4] Unable to distinguish them, plaintiff also simply fails to address many of Jones' other authorities.

expedition and where, as here, because of a contractual attorneys' fees provision, plaintiff has no economic motivation to sensibly limit discovery.

7. Finally, plaintiff fails to convincingly attack Jones' demonstration that the doctrine of res judicata applies. First, plaintiff does not deny that it knew of all the key facts upon which this case is based before or during the pendency of the prior action. Second, while plaintiff tries to phrase the issue in the prior case as one involving the "validity of the Services Agreement", the issue in that suit was not whether the Services Agreement was properly executed or supported by consideration, but only whether plaintiff was entitled to Contingent Payments in respect of payments received from Zellers. That is precisely the issue in the present case. Third, the issue of whether any of plaintiff's prior cases should have been similarly barred by res judicata is completely irrelevant to the application of the doctrine in the present case. Here plaintiff seeks recovery under the same contract as was at issue in the prior case for claims relating, at least in part, to the same period of time as was at issue in the prior case and of which it was or should have been aware during the pendency of the prior case. These claims should be barred. See, Prime Man. Co. v. Steinegger, 904 F.2d 811, 815 (2d Cir. 1990) (cited by plaintiff) (the doctrine of res judicata "prevents the litigation of any claim or ground of recovery that was available to a party in a prior action.").[5]

WHEREFORE, for the foregoing reasons and those set forth in Jones' opposition to this motion, it is respectfully submitted that the plaintiff's motion should be denied or, in the

---

[5] Plaintiff's authorities on this point are distinguishable. Shamrock Assoc. v. Sloane, 738 F. Supp. 109, 116 (S.D.N.Y. 1990), involved two distinct acts of fraud which, at least in part, were unknowable to plaintiff at the time of the first suit. Curtis v. Citibank, N.A., 226 F. 3d 133 (2d Cir. 2000), does not deal with the doctrine of res judicata but rather the question of whether the District Court properly dismissed the second action as duplicative of the first which had been dismissed for failure to timely file.

alternative, that the issuance of the letters rogatory be conditioned as set forth in defendants' opposition to this motion.

Dated: New York, New York
April 1, 2005

_____
KAREN S. FRIEMAN

NY\278196.1