```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/05
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NETHERBY LIMITED,                            :        04 CV 07028(GEL)
                                             :
            Plaintiff,                       :
                                             :        CONFIDENTIALITY
                                             :        STIPULATION AND
                                             :        PROTECTIVE ORDER
JONES APPAREL GROUP, INC. and                :
JONES INVESTMENT CO., INC.                   :
                                             :
            Defendants.                      :
-----------------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for the above-captioned parties as follows:

1.  This Confidentiality Stipulation ("Stipulation") governs the handling of confidential information contained in documents, deposition testimony and deposition exhibits, trial testimony, and other discovery devices and materials ("Discovery Material") produced by or obtained from or relating to any of the parties to this action.

2.  If any party hereto believes that the Discovery Material in this action contains or discloses trades secrets or other confidential information, including but not limited to confidential commercial information, within the scope of Fed. R. Civ. P. 26 (c)(7), it may designate such Discovery Material as "Confidential" by prominently marking the same, or in the case of a multi page document, the first page of same, "Confidential". It is further agreed that in the event that it is impracticable to mark the Discovery Material "Confidential", a party may designate said Material "Confidential" by advising opposing counsel of such designation in writing. It is further agreed that as to other Discovery Material which is produced without being marked "Confidential", a party may subsequently designate such Discovery Material as

"Confidential" by advising opposing counsel of such designation in writing and providing an additional copy of said Discovery Material to said opposing counsel bearing a "Confidential" marking. Opposing Counsel shall then destroy the Discovery Material not bearing said marking.

3. Any party may, on the record of the deposition or by written notice to counsel for all parties no later than seven days after receipt of a deposition transcript, designate all or any portion thereof as "Confidential" under the terms of this Stipulation. During the seven-day period, all transcripts and the information contained therein will be deemed to be "Confidential" in their entirety under the terms of this Stipulation. All copies or parts thereof of deposition transcripts that contain confidential matter shall be prominently marked "Confidential" on the cover thereof and on every page so designated.

4. Discovery Material designated "Confidential" shall be used solely for the purpose of this litigation, including in the preparation for trial, at trial and/or in connection with any appeal of this action and shall not be used for any other purpose whatsoever.

5. Confidential Discovery Material shall be produced to and used solely by the parties, including all officers, directors or employees of a party, former or current, assisting in the prosecution or defense of the action, and the parties' attorneys of record, who shall not disclose or permit disclosure thereof or of the contents thereof, except to the following persons:

    (a) their law partners, associates, paralegals and other persons employed by the law offices of such attorneys;

    (b) bona fide outside experts or consultants (and their employees), not on the staff of any party, consulted by such attorneys for assistance in the prosecution or defense of the claims in this litigation;

2

(c) a person whose deposition is to be taken in connection with this litigation, but only to the extent necessary for the deposition;

(d) court reporters transcribing deposition testimony in this case;

(e) other persons, only upon order of the Court and after notice to the party producing such confidential Discovery Material, or upon the written consent of the party producing such confidential Discovery Material; and

(f) the Court, Court personnel and members of any jury, including alternates, impaneled to hear this matter.

6. Each person to whom confidential Discovery Material or the contents thereof is to be disclosed pursuant to paragraphs 5(b)-(f) above shall agree in advance:

(a) that he or she has read a copy of this Stipulation and agrees to be bound thereby;

(b) that he or she will not disclose such confidential Discovery Material or the contents thereof to any person not entitled thereto under this Stipulation; and

(c) that he or she will not use such confidential Discovery Material or the contents thereof except in connection with this litigation.

Such agreement shall be manifested by the signature of each such person on a copy of Appendix A hereto, which shall be maintained by the attorney for the party who has disclosed the confidential Discovery Material to such person.

This Stipulation shall not be construed to prevent any parties from making copies of any confidential Discovery Material hereby disclosed. However, all such copies shall be subject to the provisions of this Stipulation.

7. All information subject to confidential treatment in accordance with the terms of this Stipulation that is filed with the Court, and any pleadings, motions or other papers filed with

the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

8. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Stipulation shall not:

(a) prejudice or affect in any way the rights of any party to this action to object to the production of documents it considers not subject to discovery;

(b) prejudice in any way the rights of a party to seek a court determination:

　　(i) whether particular discovery materials should be produced; or

　　(ii) if produced, whether such discovery material should be subject to the terms of this Stipulation;

(c) prejudice, affect or apply to statutory or common law privileges, all of which are preserved and may be asserted by any party irrespective of the provisions of this Stipulation;

(d) prejudice or affect in any way the rights of any party to this action to object upon any ground to the admission of any document or thing into evidence at the time of trial or otherwise; or

(e) prejudice the right of any party to freely use documents or information designated as "Confidential" hereunder, that are publicly available or properly obtained in a non-confidential manner from some other source.

4

9. Upon conclusion of this litigation, whether by judgment, settlement or otherwise, all Discovery Material designated as "Confidential", and copies thereof, shall be returned to counsel for the producing party.

Dated:    New York, New York
          March 1, 2005

CHADBOURNE & PARKE LLP

By: _____
    Thomas J. Hall (TH 3398)
Attorney for Plaintiff
30 Rockefeller Plaza
New York, NY 10112
(212) 408-5100


DUANE MORRIS LLP

By: _____
    Karen S. Frieman (KF 9204)
380 Lexington Avenue
New York, New York 10168
(212) 692-1000
Attorneys for Defendants


SO ORDERED:

_____
U.S.D.J.
4/13/05

## APPENDIX A

I _____ hereby agree that: (a) I have read a copy of this Confidentiality Stipulation and Order and agree to be bound thereby; (b) I will not disclose any confidential Discovery Material or the contents thereof to which I become privy to any person not entitled thereto under the terms of this Confidentiality Stipulation and Order; and (c) I will not use such confidential Discovery Material or the contents thereof except in connection with this litigation.

_____

NY\273588.1