UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NETHERBY LIMITED,

                           Plaintiff,          04 Civ. 7028 (GEL)

        v.                                **OPINION AND ORDER**

JONES APPAREL GROUP, INC. and
JONES INVESTMENT CO., INC.,

                           Defendants.

-----------------------------------------------------------------x

Melissa J. LaRocca, Thomas J. Hall, Chadbourne
& Parke LLP, New York, NY for Plaintiff
Netherby Limited.

Karen S. Frieman, Duane Morris LLP, New York, NY
for Defendants Jones Apparel Group, Inc. and Jones
Investment Co., Inc.

GERARD E. LYNCH, District Judge:

      In this action for breach of a licensing contract, plaintiff (the licensor of certain Gloria Vanderbilt and related trademarks) moves for the issuance of letters rogatory to permit it to take third-party discovery in Canada from a Canadian company that is defendants' sub-licensee. This Court has the authority to issue such letters pursuant to Rule 28(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2). Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. See, e.g., Elliot Assoc. v. Peru, No. 96 Civ. 7917 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (granting plaintiff's request for letters rogatory to take testimony in the United Kingdom).

Defendants asserts a variety of objections to the issuance of the letters, none of which are persuasive. First, they argue that the discovery sought is overbroad by requesting documents that allegedly are not relevant, could be obtained from defendants, or pertain only to claims that are barred by res judicata. (D. Mem. 6-13.) Defendants' assertions are without merit. Plaintiff is entitled to conduct discovery that may uncover relevant evidence, and its effort to obtain verification from a principal sub-licensee of defendants surely meets that standard. Plaintiff need not accept defendants' account of its dealings with its Canadian sub-licensee, but can seek to determine whether the sub-licensee's documents and testimony confirm or undermine discovery obtained from defendants. Moreover, the discovery process is an inappropriate place to assess defendants' substantive arguments that some of plaintiff's claims are barred by res judicata. Those claims have not been dismissed -- indeed, defendants have not even moved to dismiss them -- and plaintiff has established, at a minimum, a good faith basis for arguing that its claims are not barred. Were the sub-licensee a domestic company, there is no question that plaintiff would have simply subpoenaed the documents, and the subpoena would have been upheld. No higher standard is required for issuing letters rogatory that seek the cooperation of the Canadian courts in obtaining equivalent discovery in that country. Considering these circumstances, plaintiff is entitled to seek discovery pertaining to its claims.

Second, defendants argue that the application is overbroad in seeking depositions of five different employees of the Canadian company. (D. Mem. 14.) Most likely, it is true that in dealing with a domestic company, a single Rule 30(b)(6) subpoena would obtain the appropriate discovery by deposition. It is also hoped, as plaintiff itself suggests, that the review of the subpoenaed documents and negotiations with the Canadian sub-licensee will narrow the number

and scope of depositions necessary. However, in light of the somewhat cumbersome nature of the letters rogatory process, it is appropriate to issue letters seeking the deposition of all five employees, leaving it to the good offices of the Canadian authorities and the good faith of the parties to determine the actual course of events, rather than requiring the plaintiff to seek new letters for each deposition that might prove necessary, or to guess, possibly ineffectually, at which witnesses will ultimately prove important. Plaintiff has established a reasonable basis for believing that each of the witnesses named has relevant information, and that is adequate to notice the depositions of each.

Third, defendants argue that plaintiff's demand for documents from the Canadian company seeks to evade or undermine the confidentiality agreement negotiated by the parties. (D. Mem. 15.) Plaintiff acknowledges, as it must, that documents obtained by means of the requested letters rogatory will be subject to the confidentiality agreement. This objection is therefore moot.

Finally, defendants demand that the issuance of the letters be conditioned on plaintiff's payment of expenses incurred by defendants' counsel in attending any depositions in Canada. (D. Mem. 16.) This demand is entirely without merit. As noted, the type of discovery sought is perfectly ordinary third-party discovery in an action of this kind. If the party from whom the discovery is sought were present in the United States, the discovery would be sought by subpoena without the need for a motion of this kind. One or more depositions would be had, very possibly in locations convenient to the third-party witnesses that would be even farther from New York than the Canadian company's Toronto headquarters. There is no reason for the parties not to bear their own expenses in attending any such depositions, whether in New York,

Los Angeles, or Toronto.

Accordingly, plaintiff's motion is granted. Plaintiff shall promptly submit appropriate forms of letters rogatory to the Court to be so ordered.

SO ORDERED.

Dated: New York, New York
      May 17, 2005

                                              GERARD E. LYNCH
                                              United States District Judge