USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NETHERBY LIMITED,

          Plaintiff,

  -against-

JONES APPAREL GROUP, INC. and JONES
INVESTMENT CO., INC.,

          Defendants.

04 CV 07028 (GEL)

---

### REQUEST FOR LETTERS ROGATORY

TO: ONTARIO SUPERIOR COURT OF JUSTICE, ONTARIO, CANADA

**GREETINGS:**

    WHEREAS, the above captioned action is pending in our United States District Court for the Southern District of New York in which plaintiff Netherby Limited and defendants Jones Apparel Group, Inc. and Jones Investment Co., Inc. (together "Jones") are the parties;

    WHEREAS the deadline for the completion of all fact discovery in this action is currently scheduled for August 31, 2005;

    WHEREAS, this Court requests the assistance herein as necessary in the interest of justice and we shall be ready and willing to do the same for you in a similar case when required. The assistance requested is that the Ontario Superior Court of Justice: (1) compel the production of certain categories of documents (set forth below) from Hudson's Bay Company and its subsidiary, Zellers, Inc. (together "Zellers"); and (2) compel the appearance of certain

officers, directors and/or employees of Zellers, (set forth below) to appear for deposition on oral examination, to be stenographically recorded and videotaped, to answer questions;

WHEREAS, in this action Netherby has alleged, among other things, that it is the owner of the worldwide rights to the Gloria Vanderbilt and related trademarks (the "Gloria Marks"); that pursuant to a 1988 Acquisition Agreement, Netherby sold its rights to the Gloria Marks in five countries, including Canada (the "Five Countries"), to Jones' predecessor-in-interest; that pursuant to the 1988 Acquisition Agreement, Jones is currently obligated to pay ongoing royalties to Netherby based on percentages of the revenues from Jones' sales of products bearing the Gloria Marks in the Five Countries and the revenues Jones receives from the licensing of the Gloria Marks in the Five Countries; that Zellers was Jones' exclusive Canadian licensee of the Gloria Marks at least until December 31, 2004; and that Jones has breached the 1988 Acquisition Agreement, by among other things, diverting royalties received from Zellers based on Zellers sales of products bearing the Gloria Marks;

WHEREAS Netherby has further alleged that it has consistently been forced to bring lawsuits to recover payments rightfully due to it under the 1988 Acquisition Agreement; that almost all of the prior litigations arose after revenue streams on which Netherby was entitled to receive royalties were diverted and concealed from Netherby; that this is the eighth action Netherby has been forced to bring to recover royalty payments since 1992; that Netherby has learned over the course of the last seven litigations that typically, the most helpful documents it discovers are documents from non-parties; and that based on the repeated efforts to conceal royalty streams due to Netherby and to conceal relevant information from Netherby, Netherby

requires independent information and verification by Zellers in the form of documents and deposition testimony;

WHEREAS, the production of the following categories of documents from Zellers, a corporation that resides within your jurisdiction, would, at trial, aid in the establishment of the facts surrounding Netherby's claims and justice cannot be completely done among the parties without such documents, as Zellers' records are not obtainable within the jurisdiction of this Court or the State of New York:

1. Documents concerning any and all agreements or understandings concerning the marketing or sale of any products bearing the Gloria Marks, including but not limited to agreements, amendments, drafts, e-mails, correspondence, memoranda and notes.

2. Documents concerning the License Agreement or Services Agreement, between Zellers and Jones' predecessor-in-interest, including, but not limited to, renewals, amendments, drafts, e-mails, correspondence, memoranda and notes.

3. Documents concerning the purchase of any products bearing the Gloria Marks by Zellers from any entity, including, but not limited to, documents reflecting: (a) the source of the goods purchased, (b) the types of goods purchased, (c) the quantities of goods purchased (d) the dates of such purchases, (e) any amounts paid by Zellers, (e) the party to whom payment was made, (f) the dates of such payments and (g) the direct or indirect relationship, if any, between the Buyer and these entities.

4. Documents concerning any changes in the percentages or amounts of compensation, e.g., royalties, fees, etc., paid by Zellers to any entity for the sales of any products bearing the Gloria Marks, including but not limited to any e-mails, correspondence, memoranda and notes.

5. Documents concerning Zellers non-renewal of the License Agreement and Services Agreement and any agreement or arrangement presently in effect with Zellers concerning the Gloria Marks after December 31, 2004.

6. Documents provided to Zellers from any entity or provided by Zellers to any entity concerning the Gloria Marks and the GLO Mark, including but not limited to information concerning brand management, colors, fit,

logos, signage, advertising, photos, line plans, trends, designs and samples, including but not limited to, any e-mails, correspondence, memoranda and notes.

7. Documents concerning any compensation, i.e., royalties, fees, etc., paid by Zellers resulting from the sales of products bearing the GLO Mark.

WHEREAS the testimony of the following Zellers officers, directors and/or employees, who reside within your jurisdiction, would, at trial, aid in the establishment of the facts surrounding Netherby's claims and that justice cannot by completely done among the parties without such testimony:

1. James A. Ingram, Secretary: Hudson's Bay Company, 401 Bay Street, Suite 500, Toronto, Canada, M5H2Y4. Among other things, Mr. Ingram signed the License Agreement, Services Agreement, and an amendment to the License Agreement between Zellers and Jones' predecessor-in-interest, which effectively decreased the amount of royalties received by Netherby for the sales of certain products bearing the Gloria Marks.

2. Tom Sampson, Vice President, Brand Management: Hudson's Bay Company, 401 Bay Street, Suite 500, Toronto, Canada, M5H2Y4. Among other things, Mr. Sampson was involved in negotiating the renewal of the License Agreement and Services Agreement between Zellers and Jones' predecessor-in-interest.

3. Thomas Haig, Executive Vice President, Merchandising & Marketing: Hudson's Bay Company, 401 Bay Street, Suite 500, Toronto, Canada, M5H2Y4. Among other things, Mr. Haig would likely have information relating to Zellers's purchase and marketing of the Gloria Marks and the related GLO Mark.

4. Brian Davies, Senior Legal Counsel: Hudson's Bay Company, 401 Bay Street, Suite 500, Toronto, Canada, M5H2Y4. Among other things, Mr. Davies was the recipient of a September 2000 letter confirming that Zellers would no longer be paying royalties on goods purchased from Gloria Vanderbilt Apparel Corp. (Jones' predecessor-in interest), which effectively decreased Netherby's royalty stream.

5. Jose Stein, Director of Retail Financial Services: Hudson's Bay Company, 401 Bay Street, Suite 500, Toronto, Canada, M5H2Y4. Among other things, Mr. Stein would likely have information relating to

the actual amount of Zellers' sales of products bearing the Gloria Marks and/or the GLO Mark, pursuant to which Netherby is entitled to receive royalty payments as well as information pertaining to Zellers purchases of goods bearing such marks from Jones, pursuant to which Netherby is also entitled to received royalty payments.

WE THEREFORE REQUEST that in the interests of justice you issue an order by your proper and usual process: (1) ordering the above referenced categories of documents to be produced by Zellers by June 27, 2005 and (2) summoning the above referenced witnesses to appear before the appropriate Official Examiner in Ontario, at a convenient time and location, during the month of August 2005, at the offices of Lax O'Sullivan Scott LLP, 145 King Street West, Suite 1920, Toronto, ON M5H 1J8, Canada, or at another mutually agreeable time and location, to give testimony under oath by questions and answers upon oral deposition, such deposition to continue day to day until completion.

IT IS FURTHER REQUESTED that said Examiner cause said deposition to be reduced to writing and cause said deposition, with all exhibits marked and attested to, to be returned to Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, United States of America, by mail or other usual conveyance in a sealed envelope endorsed with the caption of this action and marked with the name of the corresponding deponent.

WITNESS, Honorable Gerard E. Lynch, U.S. District Judge of the District Court of the United States for the Southern District of New York, this 1st day of June, 2005.

                                                       _____
                                                       Clerk of the United States District Court
                                                       for the Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

    I, Gerard E. Lynch, U.S. District Judge of the United States District Court in and for the Southern District of New York, do hereby certify that J. Michael McMahon, whose signature is attached to the letter hereto annexed, was at the date thereof the Clerk of the United States District Court in and for the Southern District of New York; that the official acts and doings of said Clerk are entitled to full faith and credit; and that the attestation to said letter of request is in due form of law. I further certify that the seal attached to said letter of request is the seal of this Court.

    WITNESS my hand and seal of said Court in the City of New York on this 1st day of June, 2005.

                                                                        _____
                                                                           United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

     I, J. Michael McMahon, Clerk in and for the United States District Court for the Southern District of New York, do hereby certify that Honorable Gerard E. Lynch, whose name is signed to the accompanying papers, is now, and was at the time of signing same, a United States District Judge in and for the Southern District of New York.

     IN WITNESS WHEREOF, I have hereunto set the seal of this District Court at the City of New York and in the Southern District of New York, this ___ day of June, 2005.

                                                                     Clerk of the Court