UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/05

NETHERBY LIMITED,

                    Plaintiff,

-against-

JONES APPAREL GROUP, INC. and JONES
INVESTMENT CO., INC.,

                    Defendants.

04 CV 07028 (GEL)

## ORDER FOR LETTERS ROGATORY

NOW, upon reading all papers submitted in connection with plaintiff Netherby Limited's ("Netherby") motion for an order pursuant to Federal Rule of Civil Procedure 28(b) directing issuance of a letter rogatory (1) to compel the production of certain categories of documents from Hudson's Bay Company and its subsidiary, Zellers, Inc. (together "Zellers"); and (2) to compel the appearance of certain officers, directors and/or employees of Zellers to appear for deposition on oral examination, to be stenographically recorded and videotaped, to answer questions, and upon reading all papers submitted by defendants Jones Apparel Group, Inc. and Jones Investment Co., Inc. (together "Jones") in opposition to such motion, the Court is of the opinion that the documents and testimony requested will likely be relevant to the issues presented in this action and will materially aid in the presentation of the case, and

IT IS HEREBY ORDERED that:

(a) the Clerk of this Court shall issue letters rogatory under the seal of the Court, directed to the Ontario Superior Court of Justice, Toronto, Canada, to compel the production of the following categories of documents from Zellers, a corporation that resides within its jurisdiction, as such documents would, at trial, aid in the establishment of the facts surrounding Netherby's claims and justice cannot be completely done among the parties without such documents, as Zellers's records are not obtainable within the jurisdiction of this Court or the State of New York:

1. Documents concerning any and all agreements or understandings concerning the marketing or sale of any products bearing the Gloria Marks, including but not limited to agreements, amendments, drafts, e-mails, correspondence, memoranda and notes.

2. Documents concerning the License Agreement or Services Agreement, between Zellers and Jones' predecessor-in-interest, including, but not limited to, renewals, amendments, drafts, e-mails, correspondence, memoranda and notes.

3. Documents concerning the purchase of any products bearing the Gloria Marks by Zellers from any entity, including, but not limited to, documents reflecting: (a) the source of the goods purchased, (b) the types of goods purchased, (c) the quantities of goods purchased (d) the dates of such purchases, (e) any amounts paid by Zellers, (e) the party to whom payment was made, (f) the dates of such payments and (g) the direct or indirect relationship, if any, between the Buyer and these entities.

4. Documents concerning any changes in the percentages or amounts of compensation, e.g., royalties, fees, etc., paid by Zellers to any entity for the sales of any products bearing the Gloria Marks, including but not limited to any e-mails, correspondence, memoranda and notes.

5. Documents concerning Zellers non-renewal of the License Agreement and Services Agreement and any agreement or arrangement presently in effect with Zellers concerning the Gloria Marks after December 31, 2004.

6. Documents provided to Zellers from any entity or provided by Zellers to any entity concerning the Gloria Marks and the GLO Mark, including but not limited to information concerning brand management, colors, fit, logos, signage, advertising, photos, line plans, trends, designs and samples, including but not limited to, any e-mails, correspondence, memoranda and notes.

7. Documents concerning any compensation, i.e., royalties, fees, etc., paid by Zellers resulting from the sales of products bearing the GLO Mark.

(b) the Clerk of this Court, in the same letters rogatory, shall request that the Ontario Superior Court of Justice, Toronto, Canada, compel the appearance of the following officers, directors and/or employees of Zellers to appear for deposition on oral examination, to be stenographically recorded and videotaped, to answer questions, as the testimony of these witnesses would, at trial, aid in the establishment of the facts surrounding Netherby's claims and that justice cannot by completely done among the parties without such testimony:

1. James A. Ingram, Secretary: Hudson's Bay Company, 401 Bay Street, Suite 500, Toronto, Canada, M5H2Y4. Among other things, Mr. Ingram signed the License Agreement, Services Agreement, and an amendment to the License Agreement between Zellers and Jones' predecessor-in-interest, which effectively decreased the amount of royalties received by Netherby for the sales of certain products bearing the Gloria Marks.

2. Tom Sampson, Vice President, Brand Management: Hudson's Bay Company, 401 Bay Street, Suite 500, Toronto, Canada, M5H2Y4. Among other things, Mr. Sampson was involved in negotiating the renewal of the License Agreement and Services Agreement between Zellers and Jones' predecessor-in-interest.

3. Thomas Haig, Executive Vice President, Merchandising & Marketing: Hudson's Bay Company, 401 Bay Street, Suite 500, Toronto, Canada, M5H2Y4. Among other things, Mr. Haig would likely have information relating to Zellers's purchase and marketing of the Gloria Marks and the related GLO Mark.

4. Brian Davies, Senior Legal Counsel: Hudson's Bay Company, 401 Bay Street, Suite 500, Toronto, Canada, M5H2Y4. Among other things, Mr. Davies was the recipient of a September 2000 letter confirming that

Zellers would no longer be paying royalties on goods purchased from Gloria Vanderbilt Apparel Corp. (Jones' predecessor-in interest), which effectively decreased Netherby's royalty stream.

5. Jose Stein, Director of Retail Financial Services: Hudson's Bay Company, 401 Bay Street, Suite 500, Toronto, Canada, M5H2Y4. Among other things, Mr. Stein would likely have information relating to the actual amount of Zellers' sales of products bearing the Gloria Marks and/or the GLO Mark, from which Netherby is entitled to receive royalty payments as well as information pertaining to Zellers purchases of goods bearing such marks from Jones, from which Netherby is also entitled to received royalty payments.

(c) the appropriate Canadian authority is ordered to administer the oath and take the testimony of the deponent. The deposition is to be taken by stenographic means, recorded on videotape and reduced to writing All books, letters, papers and documents produced by and referred to by the witnesses upon examination are to be duly marked for identification and the appropriate Canadian authority will be further pleased to authenticate such examination by the seal of its Court or in such other way as is in accordance with its procedure and will return the same to Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, United States of America, by mail or other usual conveyance in a sealed envelope endorsed with the caption of this action and marked with the name of the corresponding deponent; and

(d) the depositions are to be taken in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, which shall be furnished to the appropriate authority.

SO ORDERED

Dated: New York, New York
       June _1_, 2005

_____
United States District Judge